UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:06-cr-0119-01 (SEB/KPF) |
| | ) | |
| SERGIO BUEZO, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, Judge, on November 9, 2010, and March 31, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on October 29, 2010, and Supplemental Petition for Summons or Warrant for Offender under Supervision, filed with the Court on March 25, 2011 and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

Proceedings in this matter were held on November 24, 2010, and April 13, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] At the proceedings on November 24, 2010, the government appeared by Joe Vaughn, Assistant United States Attorney. The defendant appeared in person and by appointed counsel, William Dazey, Office

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

of the Indiana Federal Community Defender. U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer, and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Buezo in regard to the Petition for Revocation of Supervised Release, filed on October 29, 2010.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Buezo and his counsel who informed the Court that they had read and understood the specification of the alleged violation and waived further reading thereof.

3. Mr. Buezo was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Buezo would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Buezo had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Buezo had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on November 9, 2010.

7. Mr. Buezo stated his readiness to waive the preliminary hearing regarding the Petition under consideration. Mr. Buezo then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Buezo, by counsel, stipulated that he committed the specification of violation set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The violation admitted to is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall pay any fine and restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."** |
| | During the offender's period of supervised release, he has made only one restitution payment of $600.14. The offender has been repeatedly told by the probation officer he must pay at least as much as his monthly automobile payment ($600.00.14). He failed to make payments in the months of April, July, August, and September 2010. Currently, the offender has an outstanding restitution balance of $555,005.40. |

The proceedings were then adjourned pending disposition at a later date.

On March 25, 2011, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed in this cause. On March 31, 2011, the Honorable Sarah Evans Barker issued an Order, designating the undersigned United States Magistrate Judge to conduct hearings on this Supplemental Petition on the defendant, and to submit to Judge Barker proposed findings of fact and recommendation for disposition.

On April 13, 2011, the following proceedings were held:

1. The defendant appeared in person and with his court-appointed counsel, Bill Dazey; government appeared by Joe Vaughn, Assistant United States Attorney; and Patrick Jarosh appeared for U. S. Parole and Probation.

2. A copy of the Supplemental Petition for Revocation of Supervised Release was provided to Mr. Buezo and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Buezo was advised of his right to a preliminary hearing and its purpose in regard to the alleged specification violations of his supervised released contained in the pending March 25, 2011 Petition.

4. Mr. Buezo was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good caused shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Buezo was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Buezo was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Buezo had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker designation on March 31, 2011.

7. Mr. Buezo stated his readiness to waive the preliminary hearing regarding the March 25, 2011 Supplemental Petition under consideration. Mr. Buezo then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Dazey stated that Sergio Buezo would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Supplemental Petition, with the exception of specifications of violations numbered 4, 5 and 6. The government agreed it would dismiss specifications of violations numbered 4, 5 and 6. The parties stipulated the following in open Court:

(1) Mr. Buezo and the government agreed they were ready to proceed to disposition on the pending Supplemental Petition to REVOKE Mr. Buezo's supervised release in open Court this date.

(2) Mr. Buezo admitted that he committed specifications of violations numbered 2 and 3 set forth in the Supplemental Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | In May, June, August, September, and December 2010, as well as March 2011, the offender submitted monthly written reports which were not truthful. In those reports, the offender failed to disclose having contact with individuals with criminal records or contact with law enforcement. |
| | On April 13, 2010, the offender had e-mail contact with Robert Perlman, a felon convicted of Conspiracy to Distribute Marijuana. On May 6, July 7, 2010, and February 14, 2011, the offender had e-mail contact with Laurence "Rufus" Rothschild, a felon convicted of Dealing in Marijuana. On or around July 8, 3010, the offender received a greeting card from Eric Flowers, a felon currently serving a sentence for Distribution of Narcotics. On July 13, August 1, and November 15, 2010, the offender had e-mail contact with William Paul Crouse, a felon convicted of Health Care Fraud. The previous dates indicate specific dates for the allegation and are a sample of the offender's contact with these individuals. Records reflect the offender had multiple contacts with these felons during his supervised |

release. At no time did the offender seek or receive permission to have contact with these individuals or anyone else who has a criminal record.

On August 12, 2010, the offender received an e-mail from the Gaming Control Division, the law enforcement arm of the Indiana Gaming Commission. This correspondence was received after the offender attempted to sell a slot machine online. The offender was advised the device was illegal to possess or sell in Indiana. On his monthly report for August 2010, the offender failed to report contact with this law enforcement agency.

| 3 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
|---|---|

During his period of supervised release, the offender has corresponded on numerous occasions with the following individuals who have felony convictions: Eric Flowers, Robert Perlman, Laurence "Rufus" Rothschild, and William Paul Crouse. The offender was not granted permission to have contact with these individuals.

(3) Mr. Buezo has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(1).

(4) The most serious grade of violation committed by Mr. Buezo constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Buezo is 4-10 months.

(6) The parties agree that the appropriate disposition for Mr. Buezo's violations of the conditions of supervised release is to modify his supervised release as follows:

    *i.*    Mr. Buezo's supervised release conditions be modified to include him residing for up to 4 months at a community corrections center, namely, the Volunteers of America, Indianapolis, Indiana.

>  *ii.* Upon completion of his residency at the VOA, Mr. Buezo will remain on supervised release under the same conditions ordered at sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court placed Mr. Buezo under oath and directly inquired of him whether he admitted the specifications of violation of his supervised release set forth above. Mr. Buezo stated that he admitted the above violations as set forth. The government moved to dismiss specifications of violations 4, 5 and 6, and the Court granted same. The Court, having heard the admissions of the defendant, the stipulations of the parties, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's release is therefore **MODIFIED** as stated above. The Magistrate Judge requests that Patrick Jarosh, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a modified judgment and commitment order, in accordance with these findings of facts, conclusions of law and recommendation is therefore **MODIFIED,** and Sergio Buezo is to reside for up to four months at a community corrections center, preferably the Volunteers of America, Indianapolis, Indiana. Upon completion of his residence at the Volunteers of America, the defendant shall continue on the previously-ordered supervised release conditions.

**WHEREFORE,** Mr. Buezo's supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Buezo stipulated in open Court waiver of the following:

> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Buezo entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure*, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation, upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Buezo's supervised release.

**IT IS SO RECOMMENDED** this 19th day of April, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Joe Vaughn.
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service